IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASON ALEXANDER PFAU,<br><br>                Plaintiff,<br><br>   v.<br><br>PORTLAND POLICE BUREAU, a municipal corporation of the State of Oregon, and a political subdivision of the CITY OF PORTLAND, a municipal corporation of the State of Oregon, and PPB Officers CHRISTOPHER HUMPHREYS, JASON HARRIS, MICAH PERSONS, ROBERT BROWN, SGT. GEORGE DAVIS, and PPB Officer SCHERISE BERG-STROM, fka HOBBS,<br><br>                Defendants. | No. CV-01-1060-HU<br><br>OPINION & ORDER |

Randall Vogt
VOGT & CHIPMAN, P.C.
2061 N.W. Hoyt Street
Portland, Oregon 97209

    Attorney for Plaintiff

/ / /

/ / /

/ / /

1 - OPINION & ORDER

Mary T. Danford
Senior Deputy City Attorney
OFFICE OF CITY ATTORNEY
1221 S.W. Fourth Avenue, Room 430
Portland, Oregon 97204

   Attorney for Defendants

HUBEL, Magistrate Judge:

Plaintiff Jason Pfau brings this civil rights action pursuant to 42 U.S.C. § 1983 against the City of Portland and several individual Portland Police Bureau Officers. The allegations stem from Pfau's arrest on a domestic violence charge on November 24, 2000. Plaintiff asserts that defendants violated his Fourth Amendment rights by using excessive force in effectuating the arrest.

In a May 28, 2002 Opinion and Order, I granted in part and denied in part plaintiff's motion to file a Second Amended Complaint. In his First Amended Complaint, plaintiff brought supplemental state claims of battery and negligence in addition to the section 1983 claim. In the motion for leave to file a Second Amended Complaint, plaintiff sought to add state and federal civil conspiracy claims, and an additional state assault and battery claim.

For the reasons explained in the May 28, 2002 Opinion, I granted the motion to add a section 1983 conspiracy claim against the individual officers based on excessive force allegations only. I also allowed plaintiff to add a municipal liability claim against the City. I denied the motion to add an additional state assault and battery claim. I also denied the motion to the extent plaintiff sought to base the civil conspiracy claim against the officers on allegations of false

2 - OPINION & ORDER

police reports and false deposition testimony. I instructed plaintiff to file a Second Amended Complaint in accordance with my Opinion.

Instead of filing a Second Amended Complaint, plaintiff inexplicably filed a Third Amended Complaint (TAC). I consider it to be the Second Amended Complaint I ordered to be filed in the May 28, 2002 Opinion. Plaintiff labeled Count II of the TAC a section 1983 claim against the City and the individual defendants. It also indicates that it is a claim for civil conspiracy. Thus, rather than separating the allegations into a section 1983 municipal liability claim against the City and a section 1983 civil conspiracy claim against the individual defendants, plaintiff has merged these separate claims, based on separate theories, into one claim.

Defendant moves to dismiss Count II for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). First, defendant argues that the conspiracy claim must be dismissed because plaintiff has failed to plead it with the required specificity. Second, defendant argues that the municipal liability claim must be dismissed because plaintiff has failed to allege that the police officer defendants acted pursuant to an unconstitutional custom, policy, or practice that was deliberately indifferent to constitutional rights.

STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court should construe the complaint most favorably to the pleader:

3 - OPINION & ORDER

> In evaluating the sufficiency of the complaint, we follow, of course, the accepted rule that the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957); American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002), petition for cert. filed, No. 02-163 (U.S. July 29, 2002). The allegations of material fact must be taken as true. Moyo v. Gomez, 40 F.3d 982, 984 (9th Cir. 1994).

DISCUSSION

I. Conspiracy Claim

Allegations contained in the TAC in support of the section 1983 civil conspiracy claim are:

> (1) On or about November 24, 2002, Defendant Police Officers, and each of them, while in the process of arresting Plaintiff for an alleged domestic violence offense, and acting as a team and in concert with one another, used excessive force, assaulting and battering the Plaintiff while Plaintiff was handcuffed[;]
>
> (2) Defendant Police Officers met with each other at a parking lot and formulated an arrest plan[;]
>
> (3) At all material times, the Defendant Police Officers were engaged in a joint venture. The individual officers assisted each other in the performance of various actions described and lent their physical presence and support and authority of their office to each other during the events.

TAC at ¶¶ 9, 11, 20. All of these allegations appear in the "FACTS" section of the TAC. There are no allegations within Count II that address the alleged conspiracy among the individual defendants to use excessive force against plaintiff.

4 - OPINION & ORDER

To sustain his section 1983 conspiracy claim, plaintiff "must provide material facts that show an agreement among the alleged conspirators to deprive [him] of his . . . civil rights." Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (allegations that a judge had joined a conspiracy with attorneys in previous lawsuit against the plaintiff along with allegations that the judge made erroneous decisions and granted motions filed by the attorneys, were insufficient to support section 1983 conspiracy claim when there was no allegation in the complaint, and no facts established on summary judgment, showing an agreement between the judge and the attorneys).

Plaintiff must show that defendants intended to violate his civil rights. See Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999) (elements of civil conspiracy are (1) an actual violation of a right protected under section 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right); Williams v. Fedor, 69 F. Supp. 2d 649, 665 (M.D. Pa. 1999) (to sustain section 1983 civil conspiracy claim, plaintiff must show actual violation of a right and that actions were taken in concert with specific intent to violate the right), aff'd, 211 F.3d 1263 (3d Cir. 2000).

Further, plaintiff must satisfy a "heightened pleading standard" because defendants' "subjective intent is an element of the alleged constitutional tort." Branch v. Tunnell, 937 F.2d 1382, 1386 (9th Cir. 1991). This standard requires that plaintiff allege "nonconclusory allegations containing evidence of unlawful intent." Id. The allegations may be supported by

5 - OPINION & ORDER

either direct or circumstantial evidence, Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir. 1997), but they must "be specific and concrete enough to enable the defendants to prepare a response, and where appropriate, a motion for summary judgment based on qualified immunity." Branch, 927 F.2d at 1386 (internal quotation omitted). However, the heightened pleading "standard is not intended to be difficult to meet as it serves the limited purpose of enabling the district court to dismiss 'insubstantial' suits prior to discovery," and allowing the defendant to prepare an appropriate response or summary judgment motion based on qualified immunity. Harris, 126 F.3d at 1195 (internal quotation omitted).

I conclude that plaintiff's TAC meets the standard. While not the most clear of pleadings, the allegations contain the assertion that the officers, acting as a team and in concert with each other, used excessive force against plaintiff, that they met and formed an arrest plan, and that they engaged in a joint venture where they assisted in each other "in the performance of various actions described" e.g., in the alleged arrest and beating of plaintiff.

The allegations sufficiently allege that the individual defendants (1) had an agreement (acting as a team, acting in concert, formed an arrest plan, engaging in a joint venture), (2) to violate plaintiff's civil rights (defendants used excessive force acting as team and acting in concert, while in a joint venture, they assisted each other in arresting plaintiff and using excessive force against him), and (3) that they intended to do so (they met and formulated an arrest plan).

6 - OPINION & ORDER

Plaintiff has satisfactorily pleaded a section 1983 civil conspiracy claim against the individual defendants.[1]

II. Municipal Liability Claim

As noted, in the May 28, 2002 Opinion, I allowed plaintiff leave to assert a municipal liability claim against the City in accordance with <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658 (1978). The thrust of the allegations in support of this claim in the TAC is that the City has a policy or custom of tolerating the use of excessive force by its police officers against handcuffed criminal suspects, that this tolerance is a deliberate indifference on the part of the City's policymakers to the constitutional rights of City citizens, and that this tolerance caused the deprivation of plaintiff's civil rights. <u>See</u> TAC at ¶¶ 3, 28-35.

Defendants move to dismiss this claim on the basis that it is futile. Defendants contend that each allegation in support of the claim fails to show deliberate indifference on the part of the City. I disagree.

In contrast to the heightened pleading standard for the civil conspiracy claim against the individual defendants, no such higher standard is required in a section 1983 claim against a municipality. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 679

---

[1] In the "INTRODUCTION" section of the TAC, plaintiff alleges that the "defendant police officers and the City of Portland conspired to cover-up the events . . . ." TAC at ¶ 3. In the May 28, 2002 Opinion, I granted leave to plaintiff to assert a section 1983 civil conspiracy claim against the individual officers. To the extent that the TAC attempts to allege a conspiracy claim against the City, it is dismissed.

7 - OPINION & ORDER

& n.6 (9th Cir. 2001). Rather, what plaintiff must show to sustain this claim is that (1) he was deprived of a constitutional right; (2) the City had a policy; (3) the policy amounted to a deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional violation. Mabe v. San Bernadino County, Dep't of Public Soc. Servs., 237 F.3d 1101, 1110-11 (9th Cir. 2001) (internal quotation omitted).

Plaintiff alleges that his Fourth Amendment rights were violated. TAC at ¶ 22. He alleges that the City had a policy of inadequately and improperly investigating citizen complaints of police misconduct such that acts of misconduct were tolerated, that the City had a policy of permitting the existence of a "code of silence" where police officers seldom reported the use of excessive force of other officers, that the City had a policy of inadequately supervising its police officers which led to a failure to discourage constitutional violations by police officers, and that the City ultimately had a policy of allowing its police officers to use excessive force against handcuffed criminal suspects. Id. at ¶¶ 29, 30, 31, 35.

Plaintiff further alleges that the City's policy exhibited deliberate indifference to the constitutional rights of persons in the City. Id. at ¶¶ 28, 33. Finally, plaintiff contends that the policy or custom which exhibited deliberate indifference to constitutional rights, caused the violation of his rights. Id. at ¶¶ 28, 33. With notice pleading, and no heightened pleading requirement, plaintiff has alleged all of

8 - OPINION & ORDER

the requisite elements of a Monell claim against the City.

Defendants appear to assert that because plaintiff's municipal liability theory is premised on the City's acquiescence to a policy of excessive force, it cannot amount to deliberate indifference. I reject this argument. See City of Canton v. Harris, 489 U.S. 378, 397 (1989) (O'Connor, J. concurring) (suggesting that municipal liability may be found where officials acquiesce in, or "tacitly authorize" a pattern of constitutional violations); Davis v. City of Ellensburg, 869 F.2d 1230, 1234 (9th Cir. 1989) (suggesting that with proper evidence, plaintiff could sustain a municipal liability claim based on a theory that the City acquiesced in police officers' use of excessive force).

At this point, all I am determining is whether plaintiff has stated a claim. I conclude that he has. Whether plaintiff can sustain his municipal liability claim on summary judgment is not before me and is left to another day.

## CONCLUSION

Defendant's motion to dismiss (#60) is denied.

IT IS SO ORDERED.


Dated this <u>1st</u> day of <u>November</u>, 2002


<u>/s/ Dennis James Hubel</u>
Dennis James Hubel
United States Magistrate Judge

9 - OPINION & ORDER